WEBER v. COLUMBIA AMUSEMENT CO.

(Supreme Court, Appellate Division, First Department.   December 20, 1912.)

DISCOVERY (§ 58*)—ORDER—SCOPE.

> Where the answer, in an action for damages for breach of contract to book certain attractions at a theater owned by plaintiff, set up as an affirmative defense that plaintiff had violated his agreement not to become interested in the booking of burlesque shows at the same place, an order for the examination of plaintiff before trial "with reference to matters contained in the annexed affidavit, and generally with respect to the pleadings herein," was too broad, and should be modified by limiting the examination to the facts material and necessary to establish the affirmative defense.

> [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 72; Dec. Dig. § 58.*]

Appeal from Special Term, New York County.

See, also, 138 N. Y. Supp. 879.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Hays, Hershfield & Wolf, of New York City (Gabriel I. Lewis, of New York City, of counsel), for appellant.

Leon Laski, of New York City, for respondent.

PER CURIAM.  The action is to recover damages for breach of a contract to book certain attractions at a theater owned and controlled by the plaintiff in the city of Schenectady for a period of five theatrical seasons, beginning with the season of 1910–1911.  The answer, after denying the material allegations of the complaint, sets up by way of an affirmative defense that by paragraph tenth of the agreement the plaintiff and his assignor agreed that they will not directly or indirectly, during the period of this agreement, become interested in any theater devoted to the giving of burlesque in the city of Schenectady, or directly or indirectly operate or manage such theater, nor will they directly or indirectly become interested in the booking of any company to be given in the city of Schenectady; that the plaintiff, in violation of said covenant, actually became interested in the booking of burlesque shows at the Van Curler Opera House in the city of Schenectady, and did actually book such shows; and that by reason of the said breach on the plaintiff's part the defendant terminated the said agreement.

The defendant, for the purpose of establishing said affirmative defense, made a motion for an order for the examination of the plaintiff before trial, which was granted.  The motion papers establish the propriety of the relief required, but the order is too broad.  It provides that the plaintiff be examined as an adverse party before trial with

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

reference to matters contained in the annexed affidavit, and generally with respect to the pleadings herein.

It should be modified, to limit the examination to the facts material and necessary to establish the affirmative defense set up, and, as so modified, affirmed, without costs to either party.

## WEBER v. COLUMBIA AMUSEMENT CO.

(Supreme Court, Appellate Division, First Department.   December 20, 1912.)

PLEADING (§ 323*)—BILL OF PARTICULARS—PARTICULARS OF DEFENSE PENDING DISCOVERY.

Where the necessity for obtaining evidence from the plaintiff to establish an affirmative defense authorized the making of an order for plaintiff's examination before trial, an order directing the defendant to serve a bill of particulars in advance of obtaining the order necessary to make it should not be granted pending the order for examination.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 976–979; Dec. Dig. § 323.*]

Appeal from Special Term, New York County.

Action by L. Lawrence Weber against the Columbia Amusement Company. From an order directing the defendant to serve a bill of particulars, defendant appeals. Order reversed, with leave to renew.

See, also, 138 N. Y. Supp. 878.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.